UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BENJAMIN P. VELASQUEZ**           CIVIL ACTION

**VERSUS**

**S2S NORTH GATE ASSOCIATES, LLC, ET AL.**           NO. 21-553-BAJ-RLB

## ORDER

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 6).

This action was removed on September 24, 2021 on the basis that the Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). In seeking remand, Plaintiff argues that removal was procedurally defective because it was untimely under 28 U.S.C. § 1446. (R. Doc. 4).

Plaintiff first argues that the removal was untimely because it was not made within 30 days of service of the Petition, from which it was "facially apparent" that the amount in controversy requirement is satisfied. (R. Doc. 4 at 3). Plaintiff fails to note, however, that the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under [28 U.S.C. § 1446(b)(1)] is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). Plaintiff does not indicate what portion of the Petition satisfies this bright-line rule.

Plaintiff then argues that the removal was untimely because it was not made within 30 days of receipt of Plaintiff's discovery responses on August 20, 2021, which first put the defendants "on notice that plaintiff's injuries exceeded $75,000." (R. Doc. 4 at 4). It appears that

Plaintiff is arguing that the discovery responses constitute an "other paper from which it may be first ascertained that the case is one which is or has become removable," and that their receipt triggered the 30-day removal period under 28 U.S.C. § 1446(b)(3). Plaintiff fails to address, however, the procedural impact of General Order No. 2021-7 (M.D. La. Sept. 2, 2021), which suspended all deadlines and delays commencing from August 26, 2021 for 30 days from that date, given that the Notice of Removal was filed on September 24, 2021.

Having considered the record, the Court will hold oral argument on the pending Motion to Remand to address the foregoing issues. Plaintiff shall be prepared to argue why the application of the Fifth Circuit's bright-line rule outlined in *Mumfrey* and *Chapman*, and the suspension of deadlines provided by General Order No. 2021-7, do not preclude a finding that removal was untimely under 28 U.S.C. § 1446. To the extent that Plaintiff cannot express a good faith argument after consideration of these sources of law, Plaintiff shall take appropriate action with respect to the pending motion.

**IT IS ORDERED** that the Telephone Scheduling Conference (R. Doc. 3) is converted into oral argument on Plaintiff's Motion to Remand (R. Doc. 4). **Oral argument is set for December 9, 2021 at 9:30 a.m. by video.** Participant instructions will be sent by separate e-mail from the Courtroom Deputy.

Signed in Baton Rouge, Louisiana, on November 30, 2021.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**