UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BENJAMIN P. VELASQUEZ** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 21-553-BAJ-RLB** |
| **S2S NORTH GATE ASSOCIATES, LLC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 16, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BENJAMIN P. VELASQUEZ**                                                **CIVIL ACTION**

**VERSUS**

                                                                                                **NO. 21-553-BAJ-RLB**

**S2S NORTH GATE ASSOCIATES, LLC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 6). The Court held oral argument on December 9, 2021. (R. Doc. 7). Based on the applicable law and analysis which follows, the Motion to Remand should be denied.

**I.      Background**

On November 4, 2020, Benjamin Velasquez ("Plaintiff") filed a Petition for Damages in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana against S2S North Gate Associates, LLC ("North Gate"), S2S Wood Hollow Associates, L.P., ("Wood Hollow") and S2S Hidden Village Associates, L.P. ("Hidden Village") (collectively, "Defendants"). (R. Doc. 1-3, "Petition"). Plaintiff alleges that he fell from a third story window while at North Gate Apartments, which is owned by North Gate, Wood Hollow, and Hidden Village. (Petition ¶ 2, 8). According to the Petition, Plaintiff suffered "a severe traumatic brain injury, skull fractures, orbital fractures, mastoid fractures, a fractured wrist, a fractured pelvis and collapsed lungs, among other injuries to his body." (Petition ¶ 7). Among other things, Plaintiff seeks recovery for his physical injuries, mental and emotional distress, medical expenses, lost wages, lost earning capacity, and loss of enjoyment of life. (Petition ¶ 14). The Petition does not contain an allegation that the damages sought are in excess of the amount required for federal jurisdiction.

1

On August 20, 2021, Plaintiff provided Defendants with responses to written discovery. (R. Doc. 1-4). In his responses, Plaintiff detailed the injuries that he sustained to his head, brain, pelvis/tailbone, and left wrist. (R. Doc. 1-4 at 7). These injuries caused Plaintiff to undergo several surgeries and placed him a coma for two weeks and on a ventilator for ten days. (R. Doc. 1-4 at 7).

On August 29, 2021, Hurricane Ida made landfall in Louisiana as a Category 4 hurricane. In response, the United States District Court for the Middle District of Louisiana issued General Order No. 2021-7 (M.D. La. Sept 2, 2021). The General Order states, in relevant part, that "the federal courthouse and the office of the Clerk of Court, were not meaningfully accessible within the meaning of Fed. R. Civ. P. 6(a) and Fed. R. App. P. 26(a) for the period of time beginning on August 26, 2021 and continuing for 30 days thereafter." (R. Doc. 6 at 20). Accordingly, "all deadlines and delays, including prescriptive and peremptive periods, in cases pending or to be in filed in this Court, were hereby suspended for thirty days commencing from August 26, 2021." (R. Doc. 6 at 21).

On September 24, 2021, Defendants removed the action on the basis that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). Defendants assert that the parties are diverse because Plaintiff is a citizen of Louisiana; North Gate is a citizen of California, New York, and Florida; Wood Hollow is a citizen of California and Pennsylvania; and Hidden Village is a citizen of California. (R. Doc. 1 at 3-4). Defendants further assert Plaintiff's discovery responses, which detail the medical treatment received by Plaintiff, indicate that the amount in controversy exceeds $75,000. (R. Doc. 1 at 5). Accordingly, the jurisdictional minimum is satisfied, and Defendants removed the action within 30 days after receipt of other paper pursuant to 28 U.S.C. § 1446(b)(3). (R. Doc. 1 at 4).

2

On October 25, 2021, Plaintiff moved for remand on the basis that removal was untimely. (R. Doc. 4).

## II.     Arguments of the Parties

In support of remand, Plaintiff argues that it is "facially apparent" from the Petition that his injuries "are severe and clearly exceed the threshold value of $75,000.00 in damages." (R. Doc. 4 at 3). Therefore, Defendants were required, pursuant to 28 U.S.C. § 1446(b)(1), to file a notice of removal within 30 days of service of the Petition. (R. Doc. 4 at 3).[1]

In opposition, Defendants argue that because Plaintiff's initial pleading did not include a specific allegation that damages are in excess of the federal jurisdiction amount, they were not obligated to remove the action within 30 days of service of the Petition. (R. Doc. 6 at 2) (citing *Chapman v. Powermate, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992)). Rather, Defendants contend that the 30-day removal clock started on August 20, 2021, when they received "other paper" in the form of Plaintiff's answers to interrogatories. Accordingly, considering the General Order's suspension of deadlines, Defendants' Notice of Removal was timely filed on September 24, 2021.

## III.    Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000,

---

[1] Plaintiff also argues that, even if the Petition did not trigger the removal clock, Defendants' Notice of Removal was still untimely because it was not filed until September 24, 2021, which is 34 days after receipt of Plaintiff's discovery responses. (R. Doc. 4 at 4). At oral argument, however, counsel for Plaintiff acknowledged that she was not aware of the General Order. She concedes that the General Order suspended Defendants' September 20, 2021 deadline to file a notice of removal and that removal was therefore not untimely for this reason. Accordingly, the Court will not address this argument any further.

3

exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are, in pertinent part, as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

In the context of determining whether the 30-day period for removal is triggered under § 1446(b)(1) where the plaintiff does not allege the amount in controversy, the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). The Court in *Mumfrey* noted that if a plaintiff wishes the 30-day time period to run from the defendant's receipt of the initial pleading, he **must** "place in the initial pleading *a specific allegation that damages are in excess of the federal jurisdictional amount*." *Id.* (citing *Chapman*) (emphasis added by *Mumfrey*). Such a statement would provide notice to defendants that the removal clock has been triggered, but would not run afoul of state laws, such as Louisiana, that prohibit pleading unliquidated damage amounts.

4

Here, Plaintiff argues that it is facially apparent in the Petition that the case is removable, and therefore, Defendants did not timely remove the matter within 30 days after service of the Petition. Even assuming that it is facially apparent from the Petition that the amount in controversy is met, that does not trigger the 30-day period for removal under § 1446(b)(1). This argument was specifically rejected in *Mumfrey,* where the Fifth Circuit distinguished the "amount dispute" analysis and the "timeliness" analysis. *See Mumfrey,* 719 F.3d at 400. *Mumfrey* "makes it perfectly clear that the 'facially apparent' inquiry is applicable only to 'amount dispute' cases, and not to timeliness cases." *Clark v. Dolgencorp,* No. 13-2336, 2014 WL 458220, *2 (W.D. La. Feb. 4, 2014).

Instead, when the issue is timeliness, the Court applies the *affirmatively reveals on its face* standard. To meet this standard when (as here) the numerical number of damages is not specified, the initial pleading must contain "a specific allegation that damages are in excess of the federal jurisdictional amount." *Mumfrey,* 719 F.3d at 399. The Fifth Circuit adopted this bright line rule because "it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Chapman,* 969 F.2d at 163. Otherwise, defendants would be encouraged "to remove prematurely in cases in which the initial pleading does not affirmatively reveal that the amount in controversy is in excess of $[75],000 so as to be sure that they do not accidentally waive their right to have the case tried in a federal court." *Id.*

Plaintiff concedes that the Petition does not include a specific allegation that his damages exceed $75,000. He argues, however, that the Petition need not contain such allegation to trigger the removal clock.[2] In so arguing, he contends that *Mumfrey* does not apply to the instant matter

---

[2] This argument was presented at oral argument.

because the cases upon which it is based concerns petitions that (unlike the instant) pled injuries that are "borderline" and may not exceed the jurisdictional threshold (i.e., not facially apparent). This argument illustrates some confusion between the standard governing an "amount dispute" and a "timeliness dispute." To be clear, a petition that pleads injuries that clearly meet the jurisdictional threshold (i.e., facially apparent) is sufficient to permit removal, but not sufficient to require removal. Accordingly, because Plaintiff's Petition did not trigger the 30-day removal period, Defendants' Notice of Removal was timely.

## IV.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the Plaintiff's Motion to Remand (R. Doc. 4) be **DENIED**.

Signed in Baton Rouge, Louisiana, on December 16, 2021.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**